IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| F.K., A MINOR, THROUGH HER MOTHER AND NEXT FRIEND, A.K., <br><br> Plaintiff, <br><br> vs. <br><br> DEPARTMENT OF EDUCATION, STATE OF HAWAII, <br><br> Defendant. | Civ. No. 10-00753 BMK <br><br> ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR AWARD OF ATTORNEY'S FEES |

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR AWARD OF ATTORNEY'S FEES

Before the Court is Plaintiff F.K., by and through her mother and next friend, A.K.'s Motion for Award of Attorney's Fees (Doc. 13.).[1] After careful consideration of the Motion, the supporting and opposing memoranda, and the attached documentation, Plaintiff's Motion is GRANTED IN PART AND DENIED IN PART. Plaintiff is awarded $48,532.50 in attorney's fees.

BACKGROUND

On August 28, 2008, Plaintiff filed a request for impartial hearing. The Office of Administrative Hearing, Department of Commerce and Consumer

---

[1] Pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawaii, the Court elects to decide this matter without a hearing.

Affairs held a hearing on the request for impartial hearing on November 25, 2008, November 26, 2008, December 8, 2008, January 20, 2009, and February 11, 2009.

The hearings officer issued the Findings of Fact, Conclusions of Law and Decision in favor of Plaintiff on March 30, 2009. (Ex. A.)

On December 17, 2010, Plaintiff filed the Complaint in this case, seeking attorney's fees and costs as a result of having prevailed in the administrative proceedings.

## DISCUSSION

I.      Prevailing Party

Under the IDEA, "the court, in its discretion, may award reasonable attorneys' fees as part of the costs . . . to a prevailing party who is the parent of a child with a disability." 20 U.S.C. § 1415(i)(3)(B)(i)(I). Here, Defendant "does not dispute that Plaintiff was found to be the prevailing party." (Opp. at 2.) Thus, this Court may award reasonable attorney's fees to Plaintiff's counsel.

II.     Amount of Attorney's Fees

To calculate an award of reasonable attorney's fees in IDEA cases, courts use the lodestar calculation set forth in Hensley v. Eckerhart, 461 U.S. 424 (1983). Aguirre v. Los Angeles Unified Sch. Dist., 461 F.3d 1114, 1121 (9th Cir. 2006) (holding that "attorney's fees awarded under 20 U.S.C. § 1415 are governed

by the standards set forth by the Supreme Court in Hensley and its progeny"). Under Hensley, the "starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." 461 U.S. at 433.

After the loadstar amount is calculated, courts must decide whether to adjust the lodestar amount based on an evaluation of the factors articulated in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975), that have not already been subsumed in the lodestar calculation. Id. (citing Fischer v. SJB-P.D., Inc., 214 F.3d 1115, 1119 (9th Cir. 2000)).

> The Kerr factors are:
>
> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

Kerr, 526 F.2d at 70. Factors one through five are subsumed in the lodestar calculation. See Morales v. City of San Rafael, 96 F.3d 359, 364 n.9 (9th Cir.1996). The Ninth Circuit has also held that the sixth factor, whether the fee is

fixed or contingent, may not be considered in the lodestar calculation. Robinson v. Plourde, 717 F. Supp. 2d 1092, 1097 (D. Haw. 2010) (citing Davis v. City & County of San Francisco, 976 F.2d 1536, 1549 (9th Cir.1992)). Once calculated, the "lodestar" is presumptively reasonable. Id.; see Fischer, 214 F.3d at 1119 n.4 (noting the lodestar figure should only be adjusted in rare and exceptional cases).

  A. Reasonable Hourly Rate

Plaintiff's counsel's hourly rate is $275. (Motion at 8.) Because Defendant does not dispute that this is a reasonable hourly rate (Opp. at 2), the Court will calculate the loadstar amount based on that rate.

  B. Reasonable Number of Hours Expended on the Litigation

As to the reasonableness of the number of hours expended, the party seeking fees bears the burden of proving that such hours were associated with the relief requested and reasonably necessary to achieve the results obtained. See Tirona v. State Farm Mut. Auto. Ins. Co., 821 F. Supp. 632, 636 (D. Haw. 1993). Here, Plaintiff attached to her motion documentation itemizing the number of hours expended and argues that said hours were reasonably necessary to litigate this case. (Ex. B.) Defendant objects to the number of hours billed, and the Court addresses each objection in turn.

1. Time Spent Preparing the Impartial Hearing Request

Defendant objects to the time Plaintiff's counsel spent preparing for and drafting the request for impartial hearing.

On August 13, 2008, Plaintiff's counsel billed 4.0 hours for reviewing and annotating documents and assessments in preparation for drafting the request for impartial hearing. (Ex. B at 2.) To that end, he reviewed approximately 600 pages of IEPs, assessments, tests, letters, e-mails, and other documents. (Reply at 2.) On August 28 and 29, 2008, he spent a total of 7.9 hours drafting the request. (Id.) In drafting the request, Plaintiff's counsel had to thoroughly review the IEP and compare the actual goals in the IEP to other assessments and professional opinions regarding deficiencies therein. (Id.) Such a thorough review takes a considerable amount of time. Thus, the Court finds that the time spent preparing for and drafting the request for impartial hearing is reasonable.

2. Time Spent Preparing Exhibits

Defendant next objects to 29.8 hours that Plaintiff's counsel spent preparing the Exhibit Binder. (Opp. at 6-7.) The Binder consisted of 481 pages of exhibits. To create the Binder, Plaintiff's counsel had to sort through a banker's box full of documents and analyze them for their probative value. (Reply at 3.) The documents were reviewed for completeness and accuracy, and the Binder

consisted of exhibits that were sorted categorically, then chronologically broken into forty-five evidentiary tabs. (Id.) Analyzing the documents for probative value is not clerical work that could be delegated to a paralegal or clerk. The Court finds that spending 29.8 hours combing through documents and creating the Evidence Binder between November 11 and November 18, 2008 is reasonable.

       3.     Time Spent Preparing For and Attending the December 8, 2008 Hearing

Defendant asks the Court to reduce the amount of time Plaintiff's counsel spent preparing for and attending the December 8, 2008 hearing. (Opp. at 7.) Defendant argues that the hearing on that date "did not occur." (Id.) However, attached to the Opposition is a transcript of the December 8, 2008 hearing. (Ex. 2 at 4-8.) According to the transcript, the hearing commenced at 9:00 a.m. and adjourned at 10:30 a.m. (Id. at 4, 8.) Inasmuch as the transcript is evidence that the hearing did in fact occur and was 1.5 hours long, the Court finds that Plaintiff's counsel's request for fees for 1.5 hours at the hearing and 30 minutes preparing for it is reasonable.

       4.     Hearings on January 20 and February 11, 2009

Defendant contends that Plaintiff's counsel over-billed for his time spent at the January 20 and February 11, 2009 hearings. (Opp. at 8.)

6

With respect to the January 20, 2009 hearing, Plaintiff's counsel requested 5.5 hours of fees. Defendant argues, however, that the hearing lasted only 5 hours. (Opp. at 8.) Attached to the Opposition is the transcript of the January 20, 2009 hearing, which shows that the hearing commenced at 9:00 a.m. and ended at 3:30 p.m., with a lunch break from 11:20-1:00 p.m. (Ex. 3.) Based on the transcript, the Court agrees with Defendant that the hearing lasted 5 hours and therefore reduces the time spent at this hearing by 0.5 hours.

As to the February 11, 2009 hearing, Plaintiff's counsel initially requested 4.5 hours of fees. After Defendant noted in its Opposition that the hearing lasted only 3 hours, Plaintiff's counsel "concede[s] that the proper billing should have been 3.0 hours." The Court therefore reduces the amount of time spent at this hearing by 1.5 hours.

     5.     Preparation of Plaintiff's Opening Brief

Defendant argues that 26 hours spent preparing Plaintiff's Opening Brief is unreasonable and that the Court should award Plaintiff's counsel for only 13 hours of time.

On March 6, 9, 10, and 11, 2009, Plaintiff's counsel spent 26 hours preparing and researching for the Opening Brief in this case. (Ex. B at 7-8.) The Opening Brief is 16 pages single-spaced and would be approximately 30 pages

7

double-spaced. (Ex. 5.) A review of the Brief shows that Plaintiff's counsel reviewed the transcripts and facts of the case, conducted legal research, and tied the facts to the relevant legal authorities. According to Plaintiff's counsel, he had to review approximately 800 pages of documentary evidence. (Reply at 6.) The Court finds that spending 26 hours preparing the Opening Brief, which proved to be successful, is reasonable.

      6.     Interisland Travel

Defendant asks the Court to decline awarding Plaintiff's counsel for travel time to and from his Maui office. (Opp. at 10.)

In <u>Brandon E. v. Dep't of Educ.</u>, 2008 WL 4602533, CV. NO. 07-00536 ACK-LEK, at *8 (D. Haw. Oct. 16, 2008), Judge Leslie E. Kobayashi noted that "[t]his Court typically allows counsel to claim reasonable travel time for case-related travel to and from the other islands or the mainland." Here, Plaintiff's counsel seeks fees for his travel time between Maui and Honolulu to attend Court hearings. Plaintiff's counsel states that he "discounted a .5-1.0 hour window of time in my invoice each way as a courtesy and I also did not bill for day 5 of the hearing as a courtesy." Additionally, he reduced his hourly rate from $275 to $100 for interisland travel. This Court finds that the fees requested for interisland travel are reasonable.

8

7. Work Conducted at Kapunahala Elementary School

On August 3, 2008, Plaintiff's counsel billed 0.8 hours for investigating the denial of FAPE at "Mauka Lani Elementary." (Ex. B at 1.) Defendant asks the Court to decline awarding those fees because Plaintiff "never attended Mauka Lani Elementary and her home school . . . was Kapunahala Elementary School." (Opp. at 11.) However, in his Reply, Plaintiff's counsel concedes that "[t]he school named in the invoice should have been Kapunahala," and that he had a conference and discussion with the advocate there regarding Plaintiff. (Reply at 7.) Because the conference and discussion in fact occurred at Plaintiff's home school, the Court awards Plaintiff's counsel for the time spent at the conference.

8. Clerical Work

Defendant contends that Plaintiff's counsel should not be awarded for work that was clerical in nature. (Opp. at 11-15.) Plaintiff's counsel concedes that one hour was spent doing clerical work and therefore agrees to a one-hour deduction. (Reply at 7.) The Court finds that the remaining work performed by Plaintiff's counsel, which includes reviewing legal documents and letters, compiling documentary evidence, and preparing billing invoices, was not clerical in nature. Therefore, the Court deducts only 1 hour for clerical work.

9. Block-billing

Defendant argues that the following entry constitutes block-billing:

> Prepare final draft of closing brief, review Petitioners' exhibit binders #1 and respondent's binder number and research issues on denial of FAPE and failure to properly identify child with Autism; specific research on cases included <u>Capistrano v. Wartenberg</u>, 59 F.3d 884 (9th Cir. 1995); <u>Rowley v. Bd. of Educ.</u>, 458 U.S. 176 (1982); <u>Carter v. Florence County Sch. Dist. 4</u>, 950 F.2d 156 (4th Cir. 1991); <u>In Burlington Sch. Committee v. Massachusetts Dept. of Educ.</u>, 763 F.2d (1st Cir. 1984); <u>Mrs. B. v. Milford Bd. of Educ.</u>, 103 F.3d 1114 (2d Cir. 1997); <u>Hall v. Vance County Bd. of Educ.</u>, 774 F.2d 629 (4th Cir. 1985); researched treatise *Educating Children With Autism 9* (Catherine Lord & James P. McGee, eds., Nat'l Academy Press 2001); and further research of <u>Amanda J.</u> case.

(Ex. B at 8.)

Defendant contends that "[b]lock billing is described as the practice of including multiple different and separate tasks with one entry for time." (Opp. at 15.) However, all of the tasks performed in this entry related to drafting the Closing Brief. The entry details the specific work that Plaintiff's counsel performed as he prepared the Closing Brief. (Reply at 8.) The Court agrees with Plaintiff's counsel that all of the work described constitutes "one co-ordinated activity" of preparing the Closing Brief. Thus, the Court finds that this entry does not constitute block billing and declines to deduct time spent performing this task.

10. Written Opening Statement

Defendant contends that the Court should deduct time spent preparing a written opening statement because no such document was filed. (Opp. at 16.) Plaintiff's counsel concedes that the opening statement was not filed, but states that he "did in fact prepare a written opening statement," which he faxed to the hearings officer and to defense counsel. (Reply at 9.) It is reasonable to prepare for the hearing by drafting a written opening statement, and the Court declines to deduct time spent preparing it.

11. Lodestar Amount

In sum, the Court awards Plaintiff's counsel fees at an hourly rate of $275. Further, as discussed above, the Court deducts a total of 3 hours from his request for fees. Therefore, the Court finds that the lodestar amount is $48,532.50.[2] The Court further finds that the Kerr factors do not warrant adjusting this amount. Accordingly, the Court concludes that Plaintiff's counsel is entitled to an award of $46,832.50 in attorney's fees.

---

[2] $275/hour x (173.3 hours-3hours) = $46,832.50. Travel time is calculated at a reduced hourly rate of $100 ($100/hour x 17 hours) = $1,700.00. Therefore, the total lodestar amount is $46,832.50 + $1,700.00 = $48,532.50.

## CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART AND DENIES IN PART Plaintiff's Motion for Award of Attorney's Fees. Plaintiff is entitled to $48,532.50 in attorney's fees. The Clerk of Court is directed to enter judgment in favor of Plaintiff and to close this case.

DATED: Honolulu, Hawaii, July 2, 2011.

IT IS SO ORDERED.



/S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

F.K. v. Department of Education, State of Hawaii, Civ. No. 10-00753 BMK; ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR AWARD OF ATTORNEY'S FEES.